UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMON CAUSE, CITY OF ATLANTA, CITY OF DAYTON, CITY OF PATERSON, CITY OF PORTLAND, CENTER FOR CIVIC POLICY, MASA, NEW JERSEY CITIZEN ACTION, NEW MEXICO ASIAN FAMILY CENTER, NM COMUNIDADES EN ACCIÓN Y DE FE, PARTNERSHIP FOR THE ADVANCEMENT OF NEW AMERICANS, ROBERTO AGUIRRE, SHEILA AGUIRRE, PAULA AGUIRRE, ANDREA M. ALEXANDER, ANGELO ANCEHTA, CYNTHIA DAI, SIMON FISCHER-BAUM, STAN FORBES, CONNIE GALAMBOS MALLOY, RAQUEL MORSY, DEBRA DE OLIVEIRA, LILBERT ROY ONTAI, SARA PAVON, COLEEN P. STEVENS PORCHER, JEANNE ELLEN RAYA, JONATHAN ALLAN REISS, JOSANNA SMITH, THAD SMITH, INGE SPUNGEN, IRENE STERLING, DENNIS VROEGINDEWEY, SUSAN N. WILSON, and MYRNA YOUNG,<br><br>      Plaintiffs,<br><br>  v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States,<br><br>UNITED STATES DEPARTMENT OF COMMERCE, and<br><br>WILBUR L. ROSS, JR., in his official capacity as Secretary of Commerce,<br><br>BUREAU OF THE CENSUS, an agency within the United States Department of Commerce, 4600 Silver Hill Road, Washington, DC 20233<br><br>and<br><br>STEVEN DILLINGHAM, in his official capacity as Director of the Bureau of the Census, 4600 Silver Hill Road, Washington, DC 20233,<br><br>      Defendants. | No. 1:20-cv-02023-CRC |

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' APPLICATION FOR THE APPOINTMENT OF A THREE-JUDGE COURT

Plaintiffs respectfully request the appointment of a three-judge court in this action challenging the Memorandum issued by President Donald J. Trump on July 21, 2020, titled "Excluding Illegal Aliens from the Apportionment Base Following the 2020 Census" (the "Memorandum"). Last week, on consent of all parties, the United States District Court for the Southern District of New York requested a three-judge panel for two consolidated cases asserting claims substantially similar to the ones asserted here. *See New York v. Trump*, 20-CV-05770, ECF Nos. 68, 82–83 (S.D.N.Y. Aug. 7, 2020). Yesterday, that request was granted and a three-judge panel was convened. For the reasons that follow and those set forth in that Order, Plaintiffs' claims in this case also require adjudication by a three-judge court.

### MEMORANDUM OF POINTS AND AUTHORITIES

This action is brought to enjoin and restrain Defendants from carrying out their unlawful plan to exclude undocumented immigrants from the congressional apportionment base for the first time in our history, as set forth in the Memorandum.

The actions contemplated and ordered by the Memorandum are in clear violation of the Constitution's plain language, which states that "[r]epresentatives shall be apportioned among the several states according to their respective numbers, counting the ***whole number of persons in each state***," excluding *only* "Indians not taxed." U.S. Const., amend. XIV, § 2 (emphasis added). They also violate 13 U.S.C. § 141, which requires the Department of Commerce to "tabulat[e] the ***total population*** by States . . . as required for the apportionment of Representatives in Congress," and 2 U.S.C. § 2a(a), which requires the President to transmit to Congress apportionment tables "showing the ***whole number of persons*** in each State." Since the nation's founding, the three branches of government have agreed that "the whole number of

-2-

persons in each state" includes non-citizens, whether documented or undocumented. *See* Am. Compl. ¶¶ 71–91. Indeed, previous Departments of Justice under both parties, and a three-judge panel of this very Court, have held that exclusion of undocumented immigrants from the apportionment base would be plainly unconstitutional. *See* Am. Compl. ¶¶ 79–85, 90; *Fed'n for Am. Immigration Reform v. Klutznick*, 486 F. Supp. 564, 576–77 (D.D.C.) (three-judge court), *appeal dismissed*, 447 U.S. 916 (1980).

Furthermore, because the Government has no mechanism for conducting an actual, direct count of the undocumented population within the States—and indeed has been prevented by the Supreme Court from inquiring about citizenship on the 2020 census, *see Dep't. of Commerce v. New York*, 139 S. Ct. 2551 (2019)—any implementation of the Memorandum would violate Article I, § 2 of the Constitution, which requires all figures used in congressional apportionment to be determined through "actual Enumeration." Am. Compl. ¶ 115; *see Utah v. Evans*, 536 U.S. 452, 477 (2002) (recognizing that "the Framers expected census enumerators to seek to reach each individual household," not to use substitute "statistical methods"). On information and belief, the only way for Defendants to effectuate the Memorandum's commands would be through the use of statistical sampling. *See* Am. Compl. ¶¶ 6, 115–136. Therefore, in addition to violating the Enumeration Clause, Defendants' implementation of the Memorandum would violate 13 U.S.C. § 195, which "directly prohibits the use of sampling in the determination of population for purposes of [congressional] apportionment." *Dep't of Commerce v. U.S. House of Representatives*, 525 U.S. 316, 338 (1999).

I. **A THREE-JUDGE COURT SHOULD BE CONVENED PURSUANT TO 28 U.S.C. § 2284**

28 U.S.C. § 2284 provides that "[a] district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the

constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." 28 U.S.C. § 2284(a). Plaintiffs invoke Section 2284 based on two independent grounds.

### A. A Three-Judge Court Should Be Convened to Adjudicate Plaintiffs' Claims Challenging the Constitutionality of the Memorandum

As set forth above, the Memorandum purports to alter the way in which members of Congress are apportioned across the several states, with the inevitable—and intended—result that some states will lose representatives in Congress. Am. Compl. ¶ 140. Plaintiffs allege (among other things) that this alteration of the congressional apportionment base violates Article I, Section 2 of the U.S. Constitution, as amended by section 2 of the Fourteenth Amendment, as well as the Equal Protection guarantees of the Fifth and Fourteenth Amendments. Am. Complaint ¶¶ 176–93. These claims "challeng[e] the constitutionality of the apportionment of congressional districts" within the meaning of 28 U.S.C. § 2284(a) and thus require adjudication by a three-judge court.

Courts hearing constitutional challenges to Executive Branch decisions that impact congressional apportionment have routinely appointed three-judge panels. *See, e.g.*, *Franklin v. Massachusetts*, 505 U.S. 788, 791 (1992) (reviewing decision of three-judge court regarding challenge to practice of allocating overseas federal employees to their designated home states); *Utah v. Evans*, 182 F. Supp. 2d 1165, 1167–68 (D. Utah 2001), *aff'd*, 536 U.S. 452 (2002) (three-judge panel convened to address claims that defendants violated statutory provisions and the Constitution by refusing to count LDS missionaries serving missions abroad); *see also Adams v. Clinton*, 26 F. Supp. 2d 156, 161 (D.D.C. 1998) (applying 28 U.S.C. § 2284(a) to claims challenging District of Columbia's "exclusion from apportionment"); *Massachusetts v.*

*Mosbacher*, 785 F. Supp. 230, 234-38 (D. Mass. 1992) (three-judge court statute applies to interstate apportionment of House seats).

Indeed, as noted above, Judge Furman of the United States District Court for the Southern District of New York has already concluded that claims similar to Plaintiffs', based on the Memorandum's exclusion of "the whole number of persons in each State" from the congressional apportionment base, should be heard by a three-judge court. *See New York*, 20-CV-05770, ECF No. 68. After observing that the Memorandum would have a direct impact on the calculation of the apportionment base, the *New York* court held that "[t]o the extent that Plaintiffs challenge the constitutionality of the Presidential Memorandum, therefore, it would seem that they are challenging the 'constitutionality of the apportionment of congressional districts'" within the meaning of 28 U.S.C. § 2284(a). *Id.* at 2.

### B. A Three-Judge Court Is Required to Adjudicate Plaintiffs' Claim Under 13 U.S.C. § 195

Independently, the Amended Complaint alleges that the Memorandum's implementation will require the use of statistical sampling in violation of 13 U.S.C. § 195 and the Constitution. Am. Compl. ¶¶ 203–10. Congress has expressly provided that any person aggrieved by a plan to use any statistical method in connection with the decennial census may bring a legal action to enjoin that use, and has required that any such action "be heard and determined by a district court of three judges in accordance with [28 U.S.C. §] 2284." Departments of Commerce, Justice, and State, The Judiciary, and Related Agencies Appropriations Act, Pub. L. No. 105-119, § 209(b), (e)(1), 111 Stat. 2440, 2481 (1997) (codified at 13 U.S.C. § 141 note); *see Dep't of Commerce*, 525 U.S. at 326–27. Accordingly, the convening of a three-judge court is "otherwise required by Act of Congress" within the meaning of 28 U.S.C. § 2284(a).

Although the statute is clear on its face, precedent also confirms that actions challenging the use of statistical methods for the purpose of congressional apportionment require review by three-judge courts.  For example, in *Dep't of Commerce v. U.S. House of Representatives*, the Supreme Court consolidated two separate appeals, both from district courts "[c]onvened as three-judge courts."  525 U.S. at 320.  The Court noted probable jurisdiction over the appeals and subsequently affirmed the three-judge courts' finding that the Census Act prohibited the planned use of statistical sampling.

As with the constitutional claims discussed previously, Judge Furman of the Southern District of New York has concluded that a challenge to the Memorandum based on 13 U.S.C. § 195's prohibition on statistical sampling required a three-judge court.  *See New York*, 20-CV-05770, ECF No. 68 at 3.  The same conclusion applies here.

## II. CONVENING A THREE-JUDGE COURT IS NECESSARY TO CONFER JURISDICTION OVER PLAINTIFFS' CLAIMS

When a case falls within Section 2284 and requires a three-judge district court, "a single judge shall not . . . enter judgment on the merits" of any claim. 28 U.S.C. § 2284(b)(3); *see Shapiro v. McManus*, 136 S. Ct. 450, 455 (2015).  As the Supreme Court has held, "the word 'shall' is ordinarily the language of command," *Alabama v. Bozeman*, 533 U.S. 146, 153 (2001), an unambiguous word that "normally creates an obligation impervious to judicial discretion," *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998).  If it is found that the "the district court erroneously refused to convene a three-judge court," any "subsequent merits ruling by the appellate panel is void." *Igartua v. Obama*, 842 F.3d 149, 152 (1st Cir. 2016); *accord Kalson v. Paterson*, 542 F.3d 281, 286 (2d Cir. 2008).  Thus, if there were any doubt based on the text of Section 2284—and, as discussed above, there is not—prudence and judicial economy would favor convening a three-judge court over proceeding as a single-judge

court. *See New York*, 20-CV-05770, ECF No. 68 at 2–3 (noting that this requirement is jurisdictional and that as long as the court "cannot definitively conclude that 'three judges are *not* required,'" that is sufficient to request a three-judge court).

Importantly, the Supreme Court has approved a procedure by which a three-judge court, once convened, can ensure that its ruling will be valid, even if it is ultimately determined that a three-judge court was not actually required. *See Swift & Co. v. Wickham*, 382 U.S. 111, 114 n.4 (1965). Under that procedure, the originally assigned District Judge can certify, out of "abundant caution," that "he [or she] individually arrived at the same conclusion that [the three-judge court] collectively reached." *Fed'n for Am. Immigration Reform*, 486 F. Supp. at 577–78 (three-judge court) (quoting *Swift & Co. v. Wickham*, 230 F. Supp. 398, 410 (S.D.N.Y. 1964)). This procedure ensures that even if a three-judge court is convened "mistaken[ly]," its efforts will not be wasted and "an appeal can still be expeditiously taken in the appropriate forum." *Id.* There is no equivalent procedure for a single-judge court to prevent its merits decision from being voided if a higher tribunal concludes that a three-judge court was required.

Accordingly, convening a three-judge court is both necessary and appropriate to ensure the Court's jurisdiction over this action.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this action be adjudicated by a three-judge court.

DATED:  August 11, 2020

　　　　　　　　　　　　　　　　　　　　　　　　　/s/ *Daniel S. Ruzumna*
　　　　　　　　　　　　　　　　　　　　　　　　Daniel S. Ruzumna (D.C. Bar No. 450040)

　　　　　　　　　　　　　　　　　　　　　　　　**BONDURANT MIXSON & ELMORE LLP**
　　　　　　　　　　　　　　　　　　　　　　　　EMMET J. BONDURANT*

1201 West Peachtree Street NW
Suite 3900
Atlanta, GA 30309
Telephone: (404) 881-4100
Fax: (404) 881-4111
bondurant@bmelaw.com

**PATTERSON BELKNAP WEBB & TYLER LLP**
GREGORY L. DISKANT*
DANIEL S. RUZUMNA (D.C. Bar No. 450040)
ARON FISCHER*
JONAH M. KNOBLER*
PETER A. NELSON*
J. JAY CHO*
DEVON HERCHER*
ABIGAIL E. MARION*
ETHAN KISCH*
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2000
Fax: (212) 336-2222
gldiskant@pbwt.com

*Attorneys for Plaintiffs*
* admitted *pro hac vice*

**McDERMOTT WILL & EMERY**
MICHAEL B. KIMBERLY (D.C. Bar No. 991549)
500 North Capitol Street, NW
Washington, D.C. 20001
Telephone: (202) 756-8000
Fax: (202) 756-8087
mkimberly@mwe.com

*Attorney for the Individual and Organizational Plaintiffs*