UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMON CAUSE, et al.<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, et al.<br><br>Defendants. | No. 1:20-cv-02023- CRC-GGK-DLF |

### PLAINTIFFS' POST-HEARING RESPONSE TO QUESTIONS FROM THE COURT

During the September 29, 2020 hearing on the parties' cross-motions, the Court inquired whether Plaintiffs would consent to converting the Government's motion to dismiss Plaintiffs' undercount injury allegations into a motion for summary judgment on the current record. Plaintiffs' counsel requested one day to provide the Court with Plaintiffs' position. This filing provides Plaintiffs' response and also clarifies the answer to an unrelated question from the Court.

*First*, Plaintiffs do not consent to converting the Government's motion to dismiss their allegations of undercount injury to a motion for summary judgment on the present record. Plaintiffs have not had an opportunity to develop and submit evidence in support of this theory of harm, let alone to properly brief the import of that evidence under the summary judgment standard. *See* Fed. R. Civ. P. 12(d) (stating that, upon conversion of a Rule 12 motion to a summary judgment motion, "[a]ll parties must be given a reasonable opportunity to present all material that is pertinent to the motion"). By contrast, in the New York action, the summary judgment record included an expert report and numerous affidavits from individuals with first-hand knowledge of the Memorandum's chilling effect and the consequences of the resulting undercount, which that court found persuasive. *See* No. 1:20-cv-05770, ECF No. 164, at 26–36

(S.D.N.Y. Sept. 10, 2020). Much more supporting evidence is available today. In Plaintiffs' view, the totality of this evidence would show that there are disputed issues of fact on the undercount question such that the Government's summary judgment motion would have to be denied, discovery ordered and ultimately a trial on the merits held.

For two reasons, however, Plaintiffs do not believe that it would be a sensible use of their resources—or the Court's—to engage in the necessary factual development and full summary judgment briefing of the undercount injury at this time. First, the census count is scheduled to conclude on October 5, according to the latest statements by the Secretary of Commerce and the Census Bureau,[1] or in any event no later than October 31.[2] Thus, the count will almost certainly be completed before this Court would be able to resolve a properly presented summary judgment dispute regarding Plaintiffs' undercount injury in this case, let alone hold a trial on the merits. Second, the panel in the New York case has already considered and rejected the Government's arguments on the undercount harm question on an extensive summary judgment record, and its decision on that issue is now before the Supreme Court on appeal. Plaintiffs agree with the analysis of the New York court regarding the undercount issue and believe that their claims of undercount injury here are well-founded. But Plaintiffs do not believe that the limited resources of the parties or the Court are best spent developing those facts and relitigating that issue here, rather than the apportionment injury on which Plaintiffs have moved and presented evidence different than that presented in New York.

---

[1] *See* https://twitter.com/uscensusbureau/status/1310685274104569856 ("The Secretary of Commerce has announced a target date of October 5, 2020 to conclude 2020 Census self-response and field data collection operations.").

[2] *See* No. 5:20-cv-05799-LHK, ECF No. 208 (N.D. Cal. Sept. 24, 2020).

Instead—and for the foregoing reasons—Plaintiffs hereby notify the Court that they will voluntarily withdraw (1) paragraphs 157–164 of the Second Amended Complaint,[3] which concern injury due to the effect of the President's Memorandum in suppressing the census response rate among immigrant communities; (2) the allegations in paragraphs 165–172 of the Second Amended Complaint,[4] only to the extent that the references to "undercount" in those paragraphs refer to the consequences of the Memorandum's chilling effect on census response rates (as opposed to the reduction in population stemming from the exclusion of undocumented immigrants from the apportionment base); and (3) the allegations in paragraphs 173–180 of the Second Amended Complaint, only to the extent that they allege organizational harms stemming from the Memorandum's chilling effect on census response rates (as opposed to other forms of organizational harm).[5]  Alternatively, Plaintiffs hereby move for leave to amend their Second Amended Complaint to remove those allegations.  *See* Fed. R. Civ. P. 15(a)(2); *Featherston v. District of Columbia*, 910 F. Supp. 2d 1, 10–11 (D.D.C. 2012) (treating notice of withdrawal of a claim as a motion for leave to amend and granting the motion because such leave should be "freely given").  Plaintiffs will not use these undercount injury allegations to support any claims in this case.  Accordingly, because Plaintiffs' undercount injury "will no longer be at issue in this case," the Court should deny the Government's motion to dismiss as moot to the extent it concerns the sufficiency of Plaintiffs' allegations of undercount injury.  *Id.* at 11.

---

[3] The Court granted Plaintiffs' consent motion to file a Second Amended Complaint after Plaintiffs had filed their Motion for Partial Summary Judgment and the Government had filed its Cross-Motion to Dismiss.  The parties stipulated that the pending motions would apply to the Second Amended Complaint, but continued to refer to paragraphs in the First Amended Complaint in their briefing on the respective motions.  For ease of reference, the paragraphs Plaintiffs intend to withdraw are paragraphs 152–159 of the First Amended Complaint.

[4] These allegations are at paragraphs 160–167 of the First Amended Complaint.

[5] These allegations are at paragraphs 168–175 of the First Amended Complaint.

*Second*, and unrelatedly, during yesterday's hearing Plaintiffs' counsel misunderstood a question from the Court regarding "Franklin" to be a reference to Benjamin Franklin and his views on the census, *see, e.g., Utah v. Evans*, 536 U.S. 452, 498 (2002) (quoting Benjamin Franklin as an example of an "American [who] resisted census-taking efforts"), rather than a reference to the case *Franklin v. Massachusetts*, 505 U.S. 788 (1992).  Counsel's answer relating to various Founding Era statements was based on that misunderstanding.  Counsel has no disagreement with the discussion of "usual residence" in the opinion of the *Franklin* court at pp. 804-806, and does not believe that *Franklin*'s reference to "some element of allegiance or enduring tie to a place" supports the Government's position.  *Franklin* used that phrase to indicate the "*br[eadth]*" of the term "usual residence"—*i.e.*, as encompassing not only people "physical[ly] presen[t]" in a state, but also people without the state who nonetheless maintain "some element of allegiance or enduring tie to" that state.  *Id.* at 804 (emphasis added).  This passage does not support the Government's attempt to *narrow* the term "usual residence" to exclude persons who are in fact "physically present" within a state on an ongoing basis, but who are not in compliance with the Immigration and Nationality Act.  Counsel apologizes for the error.

We have notified the Government of this filing and have been advised that the Government takes no position on Plaintiffs' notice of withdrawal or, in the alternative, motion for leave to withdraw the undercount injury allegations.

DATED:  September 30, 2020

/s/ *Daniel S. Ruzumna*

Daniel S. Ruzumna (D.C. Bar No. 450040)

**BONDURANT MIXSON & ELMORE LLP**
EMMET J. BONDURANT*
1201 West Peachtree Street NW
Suite 3900

Atlanta, GA 30309
Telephone: (404) 881-4100
Fax: (404) 881-4111
bondurant@bmelaw.com

**PATTERSON BELKNAP WEBB & TYLER LLP**
GREGORY L. DISKANT*
DANIEL S. RUZUMNA (D.C. Bar No. 450040)
ARON FISCHER*
JONAH M. KNOBLER*
PETER A. NELSON*
J. JAY CHO*
DEVON HERCHER*
ABIGAIL E. MARION*
1133 Avenue of the Americas
New York, NY 10036
Telephone: (212) 336-2000
Fax: (212) 336-2222
gldiskant@pbwt.com

*Attorneys for Plaintiffs*
* admitted *pro hac vice*

**McDERMOTT WILL & EMERY**
MICHAEL B. KIMBERLY (D.C. Bar No. 991549)
500 North Capitol Street, NW
Washington, D.C. 20001
Telephone: (202) 756-8000
Fax: (202) 756-8087
mkimberly@mwe.com

*Attorney for the Individual and
Organizational Plaintiffs*