IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| COMMON CAUSE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> Defendants. | Case No. 1:20-cv-2023 (GGK) (CRC) (DLF) |

**NOTICE**

*Amicus Curiae* the U.S. House of Representatives respectfully submits this Notice regarding the Federal Reports Elimination and Sunset Act of 1995 (the "1995 Act"), Pub. L. 104-66 (codified at 31 USC § 1113 note).  The 1995 Act does not bear on the disposition of this case, but it warrants an explanation to avoid potential confusion.

The 1995 Act provided that laws requiring submission to Congress of "any annual, semiannual, or other regular periodic report" included among a separate (and far broader) list of documents prepared by the Clerk of the House "shall cease to be effective, with respect to that requirement, 4 years after the date of the enactment of this Act."  *Id.* § 3003(a), (c); *see also* Pub. L. 106-113 § 236 (extending sunset date to May 15, 2000).  The decennial census statement required under 2 U.S.C. § 2a(a) was one of approximately two thousand documents included in the Clerk's list.  *See* H.R. Doc. No. 103-7, at 17 (1993), *available at* https://perma.cc/5WYA-UHA4.  But the decennial census statement was not among the requirements eliminated by the 1995 Act.  That is because Section 2a(a) requires a "statement" of apportionment figures calculated based on the decennial census and not a "regular periodic report" as described in the

1995 Act.  The purpose of the 1995 Act was to eliminate needless paperwork that Congress would discard, not to repeal the mechanism through which Congress implements the constitutionally mandated reapportionment of Representatives.  *See* H.R. Rep. No. 104-327, at 23 (1995); 141 Cong. Rec. S10,167-01 (daily ed. July 17, 1995) (statement of Sen. Levin).  The Clerk's list included numerous other documents that were similarly unaffected by the 1995 Act, such as one-time documents that were not "regular periodic reports" under the Act.  *See, e.g.*, H.R. Doc. No. 103-7, at 2, 3, 4, 5, 7, 8, 9, 10, 12, 14, 37, 44, 47.

Accordingly, in both 2001 and 2011, Presidents transmitted the decennial census statement to Congress "[p]ursuant to" Section 2a(a), and the House Clerk subsequently certified the apportionment information to the States under Section 2a(b).  *See* H.R. Doc. No. 107-12 (2001), *available at* https://perma.cc/HK76-ND69; H.R. Doc. No. 112-5 (2011), *available at* https://perma.cc/CW5C-NUSX.  The Supreme Court also described Section 2a(a) as mandatory years after the 1995 Act's sunset provision took effect.  *See Utah v. Evans*, 536 U.S. 452, 461 (2002).  The Trump Administration understands the Section 2a(a) requirement to remain operative, having stated in the Presidential Memorandum that the statement must be transmitted "by law."  *See* Excluding Illegal Aliens from the Apportionment Base Following the 2020 Census, 85 Fed. Reg. 44,679 (July 23, 2020).  And the Department of Justice reiterated in its briefing to this Court that "the President *must* transmit to the Congress" the decennial census statement.  *See* Defs.' Mot. to Dismiss at 4 (ECF No. 59) (emphasis added and quotation marks omitted).  The 1995 Act thus has no bearing on this case.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | */s/ Douglas N. Letter* |
| JENNIFER SAFSTROM | DOUGLAS N. LETTER |
| JONATHAN L. BACKER | *Counsel of Record* |
| JOSHUA A. GELTZER | General Counsel |
| AMY M. MARSHAK | TODD B. TATELMAN |
| MARY B. MCCORD | Principal Deputy General Counsel |
| ANNIE OWENS | MEGAN BARBERO |
| INSTITUTE FOR CONSTITUTIONAL | JOSEPHINE MORSE |
| ADVOCACY AND PROTECTION | WILLIAM E. HAVEMANN |
| Georgetown University Law Center | JONATHAN B. SCHWARTZ |
| 600 New Jersey Ave. NW | ERIC R. COLUMBUS |
| Washington, DC 20001 | LISA K. HELVIN |
| (202) 661-6728 | OFFICE OF GENERAL COUNSEL |
| jg1861@georgetown.edu | U.S. HOUSE OF REPRESENTATIVES |
|  | 219 Cannon House Office Building |
| DAVID A. O'NEIL | Washington, DC 20515 |
| JAMES B. AMLER | (202) 225-9700 |
| LAURA E. O'NEILL | douglas.letter@mail.house.gov |
| TARA GANAPATHY |  |
| KATHERINE NELSON | *Counsel for Amicus Curiae* |
| DEBEVOISE & PLIMPTON, LLP |  |
| 801 Pennsylvania Ave. NW | November 16, 2020 |
| Washington, DC 20004 |  |
| (202) 383-8000 |  |
| daoneil@debevoise.com |  |
|  |  |
| NEAL KUMAR KATYAL |  |
| HOGAN LOVELLS US LLP |  |
| 555 Thirteenth St. NW |  |
| Washington, DC 20004 |  |
| (202) 637-5600 |  |
| neal.katyal@hoganlovells.com |  |

## CERTIFICATE OF SERVICE

      I hereby certify that on November 16, 2020, I caused the foregoing document to be filed via the U.S. District Court for the District of Columbia's CM/ECF system, which I understand caused a copy to be served on all registered parties.

                                              */s/ Douglas N. Letter*
                                              Douglas N. letter